UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, *ex rel.* TODD LANGER, *et al.*,<br><br>Plaintiff-Relator,<br><br>v.<br><br>ZIMMER BIOMET HOLDINGS, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No.: 1:21-cv-11293-PBS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DECLARATION OF GRACE I. CHANIN SUPPORT OF RELATOR'S MOTION FOR DISCOVERY CONFERENCES AND RECURRING DISCOVERY STATUS REPORTS**

I, Grace I. Chanin, hereby state and declare as follows:

1. I am over eighteen years of age and competent to testify to the matters set forth in this Declaration.

2. I am one of the attorneys representing Plaintiff-Relator Todd Langer in the above-titled matter and make this Declaration in support of Plaintiff-Relator's Motion for Discovery Conferences and Recurring Discovery Status Reports.

3. Pursuant to L.R., D. Mass. 7.1(a)(2), Relator met and conferred with Defendant on the proposal of the parties submitting the instant motion. Defendant stated it did not consent—representing that it believed such reports or conferences to be unnecessary.

4. Since the service of initial written discovery responses on September 30, 2024, Relator has produced 2,558 records on a rolling basis, and Relator has supplemented his written Interrogatory Responses and amended his Answers to Admissions.

5. Defendant has produced approximately 170 records during the pendency of discovery.

1

6. The parties have exchanged more than a dozen letters regarding various discovery issues, including negotiations regarding ESI and search terms, and letters following up on meet and confer sessions held.

7. One issue discussed in the discovery letters exchanged is the timing of the productions Defendant has agreed to make. Defendant commits to making rolling productions, but only just on February 19 identified for the first time its next production date of "around mid-March." When asked, Defendant would not give a substantial completion date. Given that most of the depositions in this case are likely to occur in April and May, Relator is concerned that he will not be receiving a substantial production from Defendant until mid-March, if it is even on track to meet that deadline. Relator has expressed concern that the pace of productions will impact timing and preparation for depositions.

8. To date, no depositions have yet been taken, but Relator has noticed a Rule 30(b)(6) deposition.

9. Another issue discussed in the discovery letters is the parties' search methodology protocol. Relator drafted and proposed an ESI protocol that Defendant declined to enter into. Defendant then pushed that the parties must finalize relevant date ranges and custodians before negotiating search terms, but once the parties reached a tentative agreement on these issues, Defendant insisted Relator propose the search terms in a vacuum, with the exception that, at Relator's request, Defendant provided Relator with an internal code word for Zimmer Biomet's merger and some commonly used terms and acronyms.

10. Relator proposed search terms to Defendant on January 31, 2025, and he just heard back on February 27, 2025 with Defendant's counterproposal.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 28, 2025

By: s/*Grace I. Chanin*
Grace I Chanin (MN Bar No. 399969)
*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on February 28, 2025.

*/s/Grace I. Chanin*
Grace I Chanin (MN Bar No. 399969)