**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, *ex. rel.* TODD LANGER,<br><br>Plaintiffs,<br><br>v.<br><br>ZIMMER BIOMET HOLDINGS, INC.,<br><br>Defendant. | No. 1:21-cv-11293-PBS |

**MEMORANDUM AND ORDER ON DEFENDANT ZIMMER BIOMET HOLDINGS, INC.'S MOTION TO COMPEL**

CABELL, U.S.M.J.

## I. INTRODUCTION

In August 2021, relator Todd Langer ("Relator") brought a *qui tam* lawsuit under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729 et seq., against defendant Zimmer Biomet Holdings, Inc. ("Zimmer Biomet") for alleged violations of the Anti-Kickback statute, 42 U.S.C. § 1320a-7b(b). The suit relates to Zimmer Biomet's conversion of some of its W-2 employees to 1099 independent contractors. At present, Zimmer Biomet moves to compel the Relator to disclose statements he made to the government before he filed

the lawsuit and upon which he relies to satisfy the "original source" exception to the public disclosure bar.[1] (D. 119).

In support of compelling the material, Zimmer Biomet argues that the work product doctrine does not protect the disclosure statements because it has a substantial need for the statements. In particular, it argues that the disclosures are vital to establish that the relator cannot satisfy the original source exception. Further, and per Zimmer Biomet's argument, because the work product doctrine does not apply, the relator cannot shield the disclosure statements by invoking the common interest exception because he lacks a valid underlying privilege. Lastly, because the relator, or so Zimmer Biomet contends, placed the contents of the disclosure statements at issue, fairness merits production of the disclosure statements. (D. 120).

In opposition, the relator asserts that: (1) the work product doctrine protects the disclosures from production; (2) the common interest exception avoids any waiver of the doctrine; and (3) the

[1] In adjudicating a motion to dismiss, the presiding judge addressed the "public disclosure bar" and the exception afforded an "original source." In that regard, she explained that the public disclosure bar, which requires dismissal of FCA claims, applies:

> when "(1) there has been a prior, public disclosure of fraud, (2) that prior disclosure of fraud emanated from a source specified in the statute's public disclosure provision, and (3) the relator's qui tam action is 'based upon' that prior disclosure of fraud."

(D. 74, p. 16) (citation omitted). Further, the bar does not apply when "the person bringing the action," i.e., the relator, was "an original source of the information." 31 U.S.C. § 3730(e)(4)(A); (D. 74, p. 23).

Relator did not waive the work product doctrine by asserting that he is an original source. (D. 127). For the following reasons, the motion to compel is allowed.

## II. **PROCEDURAL HISTORY**

Prior to the lawsuit, the Relator voluntarily made disclosure statements to the Department of Justice. (D. 128-7). In November 2023, Zimmer Biomet moved to dismiss an amended complaint because the public disclosure bar applied, and the Relator was not an original source. (D. 37, pp. 4-15). The presiding judge denied the motion. In so doing, she found that, although "the essential elements of" his allegations had been publicly disclosed before the Relator filed suit, he plausibly argued, at the pleading stage, that he was an original source. (D. 74, pp. 21-26).

Pertinent to the work product argument, and before filing the motion to compel, Zimmer Biomet sought the Relator's disclosure statements and related information to assess whether he qualified as an original source. For example, it sought the statements through an admission request, a request for production, an interrogatory, and discussions by its counsel with the Relator's counsel. (D. 121, ¶¶ 3-4). In each instance, Zimmer Biomet was unable to obtain the information because the Relator claimed the documents or information was privileged. (D. 121, ¶ 5) (D. 128, pp. 6-8) (D. 128-4, p. 4) (D. 128-6). Similarly, during the Relator's deposition, his counsel instructed him "not to answer[,]

on the basis of [the] work product doctrine and the common interest exception[,]" questions as to whether information in every paragraph in the operative complaint included the Relator's prefiling disclosures. (D. 120-2).

## III. DISCUSSION

Although the Relator does not address the relevance of his disclosure statements, the court nonetheless takes this opportunity to explain why the disclosure statements are relevant. (D. 127). Next, the court explains why Zimmer Biomet should be able to access the disclosure statements. To that end, the court articulates why the Relator's arguments that those statements should be protected based on work product doctrine and the common interest exception fail to persuade.

### A. RELEVANCE OF DISCLOSURE STATEMENTS

A determination of relevance necessitates a brief explanation of the public disclosure bar. Under this bar, a relator's action or claim is subject to dismissal "when (1) 'there has been a prior, public disclosure of fraud,' (2) 'that prior disclosure of fraud emanated from a source specified in the statute's public disclosure provision,' and (3) 'the relator's qui tam action is "based upon" that prior disclosure of fraud.'" *United States ex rel. Banigan v. PharMerica, Inc.*, 950 F.3d 134, 142-43 (1st Cir. 2020) (citation omitted); 31 U.S.C. § 3730(e)(4)(A) (setting out public disclosure bar, i.e., that "court shall dismiss an action or claim . . . if

substantially the same allegations or transactions as alleged in [relator's] action or claim were publicly disclosed . . . .");[2] (D. 74, p. 16) (quoting above three requirements in *Banigan*, 950 F.3d at 142-43). Anent the third requirement, a relator's "complaint that targets a scheme previously revealed through public disclosures is barred . . . ." *Id.* at 143 (citation omitted).

A means to bypass the public disclosure bar exists when the relator qualifies as an "original source" of the information "upon which his allegations are based" under 31 U.S.C. § 3730(e)(4)(B). *United States ex rel. Ondis v. City of Woonsocket*, 587 F.3d 49, 58-59 (1st Cir. 2009); (D. 74, p. 23) (citing *Ondis*, 587 F.3d at 58-59). The FCA defines an "original source" as:

> an individual who either (i) prior to a public disclosure under subsection (e)(4)(A), has voluntarily disclosed to the Government the information on which allegations or transactions in a claim are based, or [ii] who has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions, *and who has voluntarily provided the information to the Government before filing [the qui tam action]*.

31 U.S.C. § 3730(e)(4)(B) (emphasis added).

[2] For the purpose of the FCA, to qualify as "publicly disclosed" prior to the lawsuit, the allegations or transactions must have been publicly disclosed "(i) in a Federal criminal, civil, or administrative hearing in which the Government or its agent" was a party; "(ii) in a congressional, Government Accountability Office, or other Federal report, hearing, audit, or investigation; or (iii) from the news media." 31 U.S.C. § 3730(e)(4)(A)(i)-(iii).

Given all of this, the viability of the public disclosure bar in this lawsuit depends on the content of the Relator's disclosure statements and when the Relator made those disclosures. Indeed, the content of the information the Relator provided to the government before he filed suit is "highly relevant" as to whether he qualifies as an original source under 31 U.S.C. § 3730(e)(4)(B). *United States ex rel. Ferris v. Afognak Native Corp. & Alutiiq, LLC*, No. 3:15-CV-0150-HRL, 2018 WL 4168988, at *5 (D. Alaska Aug. 30, 2018). As aptly and germanely stated in *Ferris*:

> One of the means for defendants to determine whether relator is an original source as to his claims, . . ., is by reviewing his formal disclosure statements. Relator's formal disclosure statements are *highly relevant* evidence on the original source issue. *Defendants need to know what information relator provided to the government and when he did so in order to adequately defend against relator's claims.*

*Id.* (emphasis added). As such, the Relator's public disclosures made before he filed the complaint are relevant to assess the possible applicability of the public disclosure bar and, importantly, the Relator's status as an original source.

**B. <u>WORK PRODUCT DOCTRINE AND COMMON INTEREST EXCEPTION</u>**

Having concluded that the Relator's disclosure statements are relevant to the public disclosure bar, the court turns to consider whether those disclosure statements should nonetheless be protected from discovery. The Relator claims they are protected by the work product doctrine and the common interest exception to waiver. (D. 127, pp. 6-12). The court discusses, in turn, these

two proposed bases for shielding the disclosure statements from Zimmer Biomet's view.

1. **THE WORK PRODUCT DOCTRINE**

There are two broad categories of work product: ordinary (or fact) work product and opinion work product. *In re San Juan Dupont Plaza Hotel Fire Litigation*, 859 F.2d 1007, 1014-15 (1st Cir. 1988) (noting, albeit not addressing, the distinction); *accord Baker v. General Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir. 2000). "Ordinary work product includes raw factual information." *Baker*, 209 F.3d at 1054 (citation omitted); *see also In re Grand Jury Subpoena*, 220 F.R.D. 130, 144 (D. Mass. 2004). It is discoverable if the party seeking discovery "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3). A defendant in a *qui tam* lawsuit under the FCA can have a substantial need for the relator's disclosure statements if it needs those statements to determine whether the relator is an original source. *See United States ex rel. Stone v. Rockwell Int'l Corp.*, 144 F.R.D. 396, 401-02 (D. Colo. 1992); *accord Ferris*, 2018 WL 4168988, at *4. Moreover, it is not uncommon for courts to find that a relator's disclosure statements are ordinary work product. *See, e.g., Ferris*, 2018 WL 4168988, at *4; *United States ex rel. O'Keefe v. McDonnell Douglas Corp.*, 918 F. Supp. 1338, 1345-46 (E.D. Mo. 1996).

In comparison to documents constituting ordinary work product, "[o]pinion work product includes counsel's mental impressions, conclusions, opinions, or legal theories." *Baker*, 209 F.3d at 1054 (citation omitted); *Grand Jury Subpoena*, 220 F.R.D. at 144. It "enjoys almost absolute immunity and can be discovered only in very rare and extraordinary circumstances." *Baker*, 209 F.3d at 1054 (citation omitted); *Grand Jury Subpoena*, 220 F.R.D. at 145. Relatedly, the party asserting that information should not be discovered because it contains opinion work product, here the Relator, bears the burden of establishing that it does. *See In re Martin Marietta Corp.*, 856 F.2d 619, 626 (4th Cir. 1988); *Grand Jury Subpoena*, 220 F.R.D. at 140; *City of Springfield v. Rexnord Corp.*, 196 F.R.D. 7, 10 (D. Mass. 2000).

The Relator asserts that his disclosure statements are opinion work product, but he merely proffers a conclusory assertion as support. (D. 127, p. 7). As such, he does not develop, and therefore has waived, the opinion work product argument. *See Duval v. United States Dept. of Veterans Affairs*, 69 F.4th 37, 45 n.5 (1st Cir. 2023) (deeming "argument waived for lack of development"). To be sure, the Relator cites cases setting forth the doctrine of opinion work product in general and some of the value that it has. For instance, he quotes a case that opinion work product encourages relators to speak freely with the government about lawsuits they may file. (D. 127, p. 7). But

citing to a generally supportive proposition without more is insufficient to constitute a persuasive argument that the disclosure statements *in this case* contain opinion work product, much less that the work product they contain is exclusively opinion work product.[3] Per the foregoing, the Relator fails to carry his burden of establishing that his disclosure statements constitute opinion work product. *See Grand Jury Subpoena*, 220 F.R.D. at 140; *City of Springfield*, 196 F.R.D. at 10; *accord Martin Marietta*, 856 F.2d at 626.

Thus, if the work product doctrine protects the disclosure statements at all, it will have to be because Zimmer Biomet fails to show that it has a substantial need for those statements and that it cannot obtain their substantial equivalent by other means without undue hardship. Fed. R. Civ. P. 26(b)(3)). The court finds that Zimmer Biomet makes this required showing.

First, it has a substantial need for the disclosure statements because it needs them to determine whether the Relator is an original source and thus whether the public disclosure bar can succeed. *See Stone*, 144 F.R.D. at 401-02; *Ferris*, 2018 WL 4168988, at *5-6. Second, it cannot obtain the substantial equivalent of the disclosure statements by other means without undue hardship. As previously noted, Zimmer Biomet has tried in multiple ways to

[3] For example, the Relator could have provided an affidavit or declaration to support the disclosure statements as opinion work product without revealing the content of the opinion work product.

obtain the substantial equivalent and failed each time. (D. 121, ¶¶ 3-5) (D. 120-2).[4] Accordingly, Zimmer Biomet has a substantial need for the disclosure statements and cannot obtain their substantial equivalent by other means without undue hardship.

## 2. THE COMMON INTEREST EXCEPTION

The Relator also claims that the disclosure statements should be protected because the common interest exception attaches to them. (Dkt. No. 127 at 10-12). As previously noted, Zimmer Biomet argues that the absence of a valid underlying privilege forecloses the protection afforded by this exception.

"Given that the common-interest doctrine is an anti-waiver exception, the doctrine applies only if the communication at issue is privileged in the first instance." *United States v. Advanced Dermatology & Skin Cancer Specialists, P.C.*, Case No. 5:20-cv-01373-JGB-SHK, 2024 WL 2107728, at *7 (C.D. Cal. Apr. 18, 2024) (citation omitted); *accord In re Aqueous Film-Forming Foams*

[4] In his brief, the Relator cites *United States ex rel. Fisher v. JPMorgan Chase Bank N.A.* for the proposition that a defendant does not have a substantial need for the relator's disclosure statements just to test whether the relator is an original source. (D. 127, p. 9). However, as counsel for Zimmer Biomet pointed out during the July 18 hearing, at least part of the reason why the court in *JPMorgan* concluded that the defendant in that case lacked a substantial need for the relators' disclosure statement was that the "Relators . . . provided Defendant with sufficient information that obviates any substantial need" for the statement. *United States ex rel. Fischer v. JPMorgan Chase Bank N.A.*, No. 4:16-CV-00395, 2020 WL 3265060, at *6 (E.D. Tex. June 17, 2020). That information included "(1) the documents [the relators] provided to the Government; (2) names of other witnesses they spoke with during the investigations; and (3) the dates, times, and frequency of their meetings with the federal government." *Id.* Indeed, not only that, but the relators in *JPMorgan* were "forthcoming in responding to Defendant's discovery requests through interrogatories and depositions." *Id.* The situation here is very different. *JPMorgan* is therefore distinguishable from the case at bar.

*Products Liab. Litig.*, MDL No. 2:18-mn-2873-RMG, 2024 WL 1543179, at *1 (D.S.C. Mar. 7, 2024) ("[A]s an exception to waiver, . . . common interest rule presupposes the existence of an otherwise valid privilege") (citation omitted); *Grand Jury Subpoenas*, 902 F.2d at 249 ("[C]ommon interest rule presupposes the existence of an otherwise valid privilege . . . ."). As the court has found the work product doctrine to be unavailing here, there is no basis to invoke the common interest exception.

## IV. CONCLUSION

Per the foregoing, the motion to compel (D. 119) is **ALLOWED**. The Relator shall produce the documents at issue on or before August 11, 2025.

/s/ Donald L. Cabell
DONALD L. CABELL, Ch.U.S.M.J.

DATED: July 31, 2025